UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00039

**Patrick Corney,**
*Petitioner,*

v.

**Sr. Warden Lonnie Townsend et al.,**
*Respondents.*

# ORDER

This habeas corpus action was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b). On January 13, 2025, the magistrate judge issued a report recommending that the court dismiss the petition with prejudice as time barred. Doc. 18. The magistrate judge also recommended that petitioner be denied a certificate of appeal sua sponte. *Id.* Petitioner, through counsel, filed timely written objections. Doc. 19.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The basis for the recommended dismissal of this action is that petitioner's sole claim for relief—alleged ineffective assistance of counsel in counsel's failure to file a direct appeal in 2008—is barred by the applicable one-year limitations period because the instant petition was not filed until January 20, 2023. Doc. 18; *see* Doc. 1.

Petitioner's objection suggests that his sentence was too severe for the circumstances of his case, but that has no bearing on the timeliness of his petition. Doc. 19 at 1–2. He discusses caselaw establishing counsel's duty to appeal and asserts that "[t]he magistrate has placed the blame on Corney when in fact, his defense attorney is to blame." *Id.* at 2. But notwithstanding trial counsel's failures, it was petitioner's burden under 28 U.S.C. § 2244(d) to bring any constitutional claims based on those failures within one year after the direct-appeal period ended. Here, petitioner took

no action to pursue his rights for 14 years after counsel failed to file an appeal. Because his federal limitations period had expired by then, his state petition could not have tolled the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The 14-year delay also precludes equitable tolling because one of the prerequisites of equitable tolling is that the proponent "has been pursuing his rights diligently." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules petitioner's objections and accepts the report's findings and recommendation. Petitioner's habeas petition is denied, the case is dismissed with prejudice, and a certificate of appealability is denied. Any pending motions are denied as moot.

*So ordered by the court on July 1, 2025.*

J. CAMPBELL BARKER
United States District Judge